# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **BRANDON O. CHAMBERS,** ) | CASE NO. 1:23-CV-02057 |
| ) | |
| Plaintiff, ) | JUDGE DAVID A. RUIZ |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| **UNITED STATES DISTRICT COURT** ) | AND ORDER |
| **NORTHERN DISTRICT OF OHIO** ) | |
| **EASTERN DIVISION,** ) | |
| ) | |
| Defendant. ) | |

*Pro se* Plaintiff Brandon O. Chambers filed this civil action to challenge his conviction in this Court in *United States v. Chambers,* No. 1:21 cr 848 (N.D. Ohio Aug. 17, 2023). He also filed a Motion to Proceed *in forma pauperis* (R. 2), which will be granted by separate order, and a Motion to Amend his Complaint (R. 3), which is granted. In his Amended Complaint, Plaintiff attempts to attack his conviction and obtain his release from custody using the Uniform Commercial Code (UCC) as well as statements pertaining to securities, financing, and contracts. The Amended Complaint, however, is barely comprehensible and as the Court construes the pleading, Plaintiff essentially asks this Court to discharge him from his criminal case, order his release from custody, and seal his criminal case from the public. This action is dismissed for the reasons set forth herein.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner,* 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief

can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Plaintiff cannot collaterally attack his criminal conviction in a civil action based on commercial, securities or contract law. To the extent he seeks reversal of his conviction and release from custody, his sole remedy is a Motion to Vacate under 28 U.S.C. § 2255 which is filed in his criminal case. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). To the extent his Amended Complaint seeks "any other relief or damages the Court deems just and proper," he cannot proceed unless his conviction is first overturned on direct appeal or reversed through a section 2255 Motion. *See Heck v. Humphrey*, 512 U.S. 477, 486 (1994). Because Plaintiff was sentenced on December

8, 2023, and has not filed a direct appeal of his conviction or pursued relief under 28 U.S.C. § 2255, he cannot proceed with this action.

### III. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. Plaintiff's Motion requesting a status conference (R. 6) is denied as moot.

IT IS SO ORDERED.

Date: September 24, 2024

/s/ *David A. Ruiz*
DAVID A. RUIZ
UNITED STATES DISTRICT JUDGE